IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD GIT SUM AU, | ) | CIVIL NO. 14-00271 SOM/BMK |
| Plaintiff, | ) ) ) | ORDER GRANTING MOTION FOR PARTIAL DISMISSAL OF |
| vs. | ) ) | COMPLAINT |
| THE ASSOCIATION OF APARTMENT OWNERS OF THE ROYAL IOLANI, et al. | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING MOTION FOR PARTIAL DISMISSAL OF COMPLAINT**

**I.      INTRODUCTION.**

Defendant R. Laree McGuire moves to dismiss Plaintiff Ronald Git Sum Au's claim against her alleging a violation of chapter 480D of Hawaii Revised Statutes.  Because Count IV fails to state a chapter 480D claim against McGuire upon which relief can be granted, the court dismisses the portion of Count IV pertaining to that alleged violation by McGuire.

**II.     FACTUAL BACKGROUND.**

Plaintiff Ronald Git Sum Au is the fee owner of two units in the Royal Iolani Condominium in Honolulu, Hawaii.  ECF No. 1-1, PageID # 4.

On April 25, 2014, Au filed a Complaint in state court against The Association of Apartment Owners of the Royal Iolani (the "AOAO"), Hawaiiana Management Company, Ltd. ("Hawaiiana"), and R. Laree McGuire (collectively, "Defendants").  ECF No. 1-1. On June 10, 2014, McGuire removed the action to federal court

pursuant to 28 U.S.C. § 1441.  ECF No. 1.

Among Au's assertions of violations of federal and state law are allegations that McGuire violated chapter 480D of Hawaii Revised Statutes in connection with filing Notices of Default and Intention to Foreclose on January 16, 2014 and January 21, 2014, with the Office of the Assistant Registrar of the Land Court for the State of Hawaii (the "Land Court") as an attorney for the AOAO.  ECF No. 1-1, PageID # 15.  Those documents state that Au was in default with respect to payment of maintenance fees and that he owed "other charges and attorneys' fees and costs unpaid to the Association."  Id., PageID # 30-48.

On June 10, 2014, McGuire filed a motion for partial dismissal of complaint, contending that Au's claim for violation of chapter 480D fails to state a claim upon which relief can be granted because McGuire is not a "debt collector" under chapter 480D.  ECF No. 2-1, PageID # 120.

**III.     STANDARD.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  See Keams v. Tempe Tech. Inst., Inc.,

110 F.3d 44, 46 (9th Cir. 1997); <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996). Courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003). However, documents attached to Au's memorandum in opposition to the motion that are not attached to the Complaint, incorporated by reference in his Complaint, or matters of judicial notice have not been considered in ruling on this motion.

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Fed'n of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. <u>Sprewell</u>, 266 F.3d at 988; <u>Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. <u>Sprewell</u>, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either:

3

(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal,

556 U.S. at 677.

**IV.    ANALYSIS.**

Au alleges that McGuire violated section 480D-3(8) of Hawaii Revised Statutes by filing Notices of Default and Intention to Foreclose with respect to Au's units in the Royal Iolani Condominium that contained false and misleading information. ECF No. 1-1, PageID # 15.

Section 480D-3(8) of Hawaii Revised Statutes prohibits debt collectors, while collecting a consumer debt, from "disclos[ing], publish[ing], or communicat[ing] any false and material information relating to the indebtedness." A "debt collector" is defined as "any person, who is not a collection agency regulated pursuant to chapter 443B, and who in the regular course of business collects or attempts to collect consumer debts owed or due or asserted to be owed or due *to the collector*." Haw. Rev. Stat. § 480D-2 (emphasis added).

McGuire was not acting as a "debt collector" under chapter 480D in filing the Notices of Default and Intention to Foreclose or in taking any related action. Although McGuire was attempting to collect a debt, she asserted that the debt was owed to the AOAO, not to McGuire herself. McGuire's actions to collect the AOAO's debt could not have violated section 480D-3, and Au fails to state a plausible claim for relief under chapter 480D of Hawaii Revised Statutes. See Baham v. Ass'n of Apartment

Owners of Opua Hale Patio Homes, Civ. No. 13-00669 HG-BMK, 2014 WL 2761744, *28-29 (D. Haw. June 18, 2014) (dismissing claim against law firm for violation of chapter 480D of Hawaii Revised Statutes because debt was owed to AOAO, not to law firm).

Au's opposition memorandum fails to overcome this fatal defect in his chapter 480D claim.

First, Au refers to issues of fact that preclude the granting of the motion. He appears to be arguing that there is at least a question as to whether he may owe payment directly to McGuire for her fees, as opposed to owing the AOAO for fees charged by McGuire. While the allegations in the Complaint vaguely refer to McGuire as seeking attorney's fees, any suggestion that McGuire was attempting to collect her own debt directly from Au are implausible on their face. See Twombly, 550 U.S. at 570 (claim to relief must be "plausible on its face"). Indeed, that suggestion is contradicted by Exhibits B and C to Au's Complaint, which refer to "[t]he delinquent amount of assessments, other charges, and attorneys' fees and costs unpaid *to the Association*." (Emphasis added). The word "unpaid" presumably means "unpaid by Au" to the Association. Similarly, Au himself quotes McGuire's statement to him regarding "amounts due and owing *to the Association*." ECF No. 1-1, PageID # 9 (emphasis added). See Sprewell, 266 F.3d at 988 (court need not

accept as true allegations contradicting exhibits attached to complaint).

Second, Au refers to the doctrine of respondeat superior, to tortious conduct, to overbilling, to an absence of evidence, to fraud, and to federal law. None of these matters has anything to do with whether McGuire acted to collect her own debt from Au.

**V.    CONCLUSION.**

The court dismisses Count IV of Au's Complaint with prejudice to the extent it asserts a claim against McGuire for violation of chapter 480D of Hawaii Revised Statutes.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 7, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Au v. The Association of Apartment Owners of the Royal Iolani, et al., Civ. No. 14-00271 SOM/BMK; ORDER GRANTING MOTION FOR PARTIAL DISMISSAL OF COMPLAINT