IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD GIT SUM AU, | ) | CIVIL NO. 14-00271 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| | ) | EXPUNGE; ORDER DENYING MOTION |
| vs. | ) | TO SET ASIDE NONJUDICIAL |
| | ) | POWER OF SALE AND MOTION FOR |
| THE ASSOCIATION OF APARTMENT | ) | TEMPORARY RESTRAINING ORDER |
| OWNERS OF THE ROYAL IOLANI, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO EXPUNGE;**
**ORDER DENYING MOTION TO SET ASIDE NONJUDICIAL**
**POWER OF SALE AND MOTION FOR TEMPORARY RESTRAINING ORDER**

**I.      INTRODUCTION.**

Plaintiff Ronald Git Sum Au moves to expunge Notices of Default and Intention to Foreclose filed with the Office of the Assistant Registrar of the Land Court for the State of Hawaii, to set aside nonjudicial power of sale, and for a temporary restraining order enjoining the nonjudicial foreclosure of his property. His motions are denied.

**II.     FACTUAL BACKGROUND.**

Au is a fee owner of two units ("Unit A" and "Unit B") in the Royal Iolani Condominium ("Royal Iolani"). ECF No. 1-1, PageID # 4. This court is familiar with him from his appearances before the court when he was practicing law, although obviously he appears in the present case not as an attorney but rather as a plaintiff representing himself.

On January 16, 2014, and January 21, 2014, Defendant

Association of Apartment Owners of the Royal Iolani (the "AOAO"), through its attorney, Defendant R. Laree McGuire, filed Notices of Default and Intention to Foreclose (the "Notices") with the Land Court for Au's two units in the Royal Iolani in connection with unpaid assessments owed to the AOAO. ECF No. 1-1, PageID # 15. The Notice filed on January 16, 2014, with respect to Unit A stated that the default for that unit had to be cured by March 17, 2014. ECF No. 10-5, PageID # 168. The Notice filed on January 21, 2014, with respect to Unit B stated that the default for that unit had to be cured by March 22, 2014. ECF No. 10-4, PageID # 162.

On February 25, 2014, Au submitted a payment plan to McGuire and the AOAO's president. ECF No. 12-9. The February 25 payment plan proposed payment of all amounts owed to the AOAO for Unit A and Unit B except attorneys' fees, which Au sought to mediate. Id. On March 21, 2014, Au sent a letter to the new president of the AOAO, again enclosing his February 25 proposal. ECF No. 12-10.

On March 24, 2014, McGuire, on behalf of the AOAO, declined Au's February 25 proposal because it failed to include payment of attorneys' fees and costs. ECF No. 17-3.

On April 25, 2014, Au filed a Complaint in state court against the AOAO, Hawaiiana Management Company, Ltd. ("Hawaiiana"), which was the AOAO's management agent, and McGuire

2

(collectively, "Defendants"), asserting claims for: (1)
intentional or negligent conduct; (2) intentional or negligent
misrepresentation; (3) fraud and concealment; (4) violation of
chapter 480D of Hawaii Revised Statutes and 15 U.S.C. § 1692; and
(5) violation of chapter 480 of Hawaii Revised Statutes.  ECF No.
1-1.  The action was removed to federal court pursuant to 28
U.S.C. § 1441 on June 10, 2014.  ECF No. 1.

Before the case was removed, Au had filed a motion to
expunge notice of default and intention to foreclose, arguing
that the Notices gave him shorter periods to cure the defaults
than he was entitled to have.  ECF No. 10-1, PageID # 42.  This
court now addresses Au's motion.

In the motion to expunge, Au contends that he was not
served with the Notices until March 7, 2014, and that section
667-92(a)(6) of Hawaii Revised Statutes required the AOAO to give
him sixty days from the date of service to cure the default.  ECF
No. 10-1, PageID # 142.

In response to Au's motion to expunge, Defendants argue
that the AOAO complied with section 667-92 of Hawaii Revised
Statutes, and that the Notices should not be expunged because
section 667-92(f) permits an association to foreclose even when a
notice of default and intention to foreclose cannot be served at
all.  ECF No. 15, PageID # 298-301; ECF No. 16, PageID # 528-30,
532-33.  Defendants also contend that Au violated section 514A-90

of Hawaii Revised Statutes by filing suit before paying the AOAO all amounts due and owing.  ECF No. 15, PageID # 301-03; ECF No. 16, PageID # 533-35.

On June 9, 2014, Au submitted another payment plan to the AOAO purporting to account for all amounts owed for Unit B. ECF No. 12-11.

On July 14, 2014, Au filed a motion to set aside nonjudicial power of sale or, in the alternative, for a temporary restraining order.  ECF No. 12-1.  Because nothing in the record suggests that any sale has occurred to date, the court, having before it nothing to set aside, considers Au's arguments in the context of his request for a temporary restraining order, even if presented in the motion as supporting his request to set aside a foreclosure.

Au seeks to enjoin the public auction of Unit B scheduled for August 15, 2014, based on: (1) the AOAO's alleged violation of sections 667-92 and 667-94 of Hawaii Revised Statutes; (2) the AOAO's rejection of Au's payment plans; (3) the lack of itemization and explanation of the AOAO's attorneys' fees; and (4) alleged violations of Au's constitutional rights. Id.  In support of his request for a temporary restraining order, Ao states that he will suffer irreparable injury if the sale is permitted to proceed on August 15, 2014 .  Id., PageID # 204.

4

III.     ANALYSIS.

A.   Motion to Expunge.

Au argues that the Notices must be expunged because the AOAO has violated section 667-92(a) of Hawaii Revised Statutes. ECF No. 10, PageID # 142.  Au, however, fails to demonstrate that the Notices must be expunged on that basis.

Section 667-92(a) of Hawaii Revised Statutes requires an association to prepare a notice of default and intention to foreclose when a unit owner fails to pay an assessment and the association intends to conduct a power of sale foreclosure.  The notice of default and intention to foreclose must state "[t]he date by which the default must be cured, which shall be within sixty days after service of the notice of default and intention to foreclose[.]"  Haw. Rev. Stat. § 667-92(a)(6).

Although Au contends that section 667-92(a)(6) requires a sixty-day period to cure measured from the date of service, the text of the statute does not actually require that. Section 667-92(a)(6) states that the cure date must be *within* sixty days after service of the notice of default and intention to foreclose," suggesting that any period short of sixty days would suffice.  (Emphasis added).

It does appear, however, that the legislature probably misstated its intention in section 667-92(a)(6).  Section 667-92(c) states: "A unit owner may also cure the default within

sixty days after service of a notice of default and intention to foreclose on the unit owner by paying the association the full amount of the default . . . . [A]ny nonjudicial foreclosure of the lien shall be stayed during the sixty-day period to cure the default[.]" This language contemplates a sixty-day cure period, rather than a cure period that is sufficient if it ends any time within sixty days after service.

If the cure period is sixty days, the Notices did misstate the dates by which Au needed to cure his default. However, even assuming such an error, the court declines to expunge the Notices.

First, Au was actually provided with the sixty days he claims he was owed. ECF No. 15, PageID # 299. Au was served with the Notices on March 7, 2014, and the AOAO gave him until May 7, 2014 to cure his default, although it does not appear that Au made any effort to cure during that period. Id. Thus, Au's motion fails to the extent it is based on the amount of time he was actually provided to cure.

Second, if Au is objecting to the *recordation* of Notices with incorrect cure dates in Land Court, Au fails to provide any reason for the court to expunge the Notices on that basis. Au cites In re Bishop Trust Co., 35 Haw. 816 (1941), for the proposition that a certificate of title is "conclusive and unimpeachable," but the qualities of a certificate of title are

irrelevant in determining whether notices of default and intention to foreclose should be expunged.

Au also likens his motion to expunge the Notices to motions to expunge a *lis pendens*, apparently on the theory that because a court may expunge a *lis pendens*, a court may also expunge a notice of default and intention to foreclose that bears an incorrect cure date. The case law Au cites, however, does not support that proposition. A *lis pendens* is expunged when the underlying action does not seek to obtain title to or possession of real property. <u>Valvanis v. Milgroom</u>, Civ. No. 06-00144 JMS-KSC, 2007 WL 3353567, at *2 (D. Haw. Oct. 5, 2007). Here, the AOAO *is* seeking to obtain title to or possession of Au's real property. The AOAO intends to conduct a power of sale foreclosure as a result of unpaid assessments, and conformed to section 667-93 of Hawaii Revised Statutes in recording the Notices. <u>See</u> Haw. Rev. Stat. § 667-93 ("Before the deadline date in the notice of default and intention to foreclose, the notice may be recorded in a recordable form in a manner similar to recordation of notices of pendency of action under section 501-151 or section 634-51, or both, as applicable.").

While the existence of recorded Notices may burden Au's property, this burden is a permissible result of the AOAO's intention to foreclose. Recordation gives notice to the world of the AOAO's claim. The incorrect cure dates have no impact on

whether the Notices were improperly recorded and should be
expunged.

Au filed a reply memorandum in support of his motion on
July 31, 2014.  Under Local Rule 7.4, Au's reply is untimely
because it was filed less than fourteen days before the date of
the hearing on the motion.  As a result, the court may disregard
Au's reply.  The reply may also be disregarded pursuant to the
same local rule to the extent it raises arguments for the first
time that should have been raised in the original motion.
However, even if the court considers Au's reply in its entirety,
Au fails to demonstrate that the Notices must be expunged.

The court recognizes that, in his reply memorandum, Au
is objecting to a communication from the AOAO dated July 24,
2014, which is after he filed his motion to expunge and so could
not have been addressed in that motion.  That communication
informed him that he had to pay $17,451.71 to cure his default on
Unit B.  ECF No. 22, PageID # 1081.  Au complains that this was a
new amount that had not previously been "claimed or stated in the
Notice of Default and Intention to Foreclose."  Id.  Au does not
explain, however, why the Notices must be expunged on this basis.
Not only does Au's contention relate only to Unit B, when he is
seeking to expunge the Notices for both units, Au fails to
acknowledge that the new figure reflects increased default
amounts accruing since the dates of the Notices.  These increases

do not demonstrate that the Notices should be expunged.

In his reply, Au also contends for the first time that: (1) "delinquencies must be stricken as illegal and unenforceable" because section 667-92 of Hawaii Revised Statutes was "expressly not made retroactive"; (2) the AOAO's accounting cannot be reconciled; and (3) being required to pay the entire default in order to avoid foreclosure is a deprivation of due process. ECF No. 22. The court addresses the merits of these arguments in connection with Au's motion for a temporary restraining order. These arguments go to whether or what the AOAO may actually recover, not to whether the Notices should be expunged.

Au fails to establish a basis for expunging the Notices, and his motion to expunge is denied.[1]

### B.    Temporary Restraining Order.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. <u>Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.</u>,

---

[1] In opposition to Au's motion to expunge, Defendants argue that Au violated section 514A-90 of Hawaii Revised Statutes by filing suit before paying the AOAO all amounts due and owing. ECF No. 15, PageID # 301-03; ECF No. 16, PageID # 533-35. The AOAO and Hawaiiana state that Au's suit is therefore "improper and should be dismissed." ECF No. 15, PageID # 303.

A violation of section 514A-90 bears little, if any, relevance to whether the Notices should be expunged based on a violation of section 667-92(a). Further, any dismissal of Au's suit should be sought through a motion to dismiss, not through an opposition to a motion.

Civ. No. 12-00064 LEK-KSC, 2012 WL 381209, *6 (D. Haw. Feb. 3, 2012). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 55 U.S. 7, 20 (2008); accord Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) ("Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.").

The Supreme Court has cautioned that a "preliminary injunction is an extraordinary and drastic remedy never awarded as of right." Winter, 55 U.S. at 24 (citing Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008)). Courts balance the competing claims of injury and consider the effect on each party of granting or denying the injunction.

### 1. Section 667-92(a)(6).

Au argues that he is entitled to injunctive relief because the AOAO violated section 667-92(a)(6) of Hawaii Revised Statutes by misstating the cure date in the Notice for Unit B.

10

ECF No. 12-1, PageID # 193.  For the same reasons noted in section III.A of this order, Au's argument with respect to section 667-92(a)(6) cannot be the basis for a claim on which he is likely to succeed on the merits.

## 2.    Section 667-60(a)(1).

In his reply, Au appears to argue for the first time that the AOAO violated section 667-60(a)(1) of Hawaii Revised Statutes because the Notice "completely disregards personal service in the deadline to cure."  ECF No. 23, PageID # 1119. This argument is not responsive to any opposition argument. Local Rule 7.4 states that arguments raised for the first time in a reply shall be disregarded.  Even if considered, this argument fails.  Section 667-60(a)(1) states that a foreclosing mortgagee "[f]ailing to provide a borrower or mortgagor with, or failing to serve as required, the information required by section 667-22 or 667-55" is an unfair or deceptive act or practice.  Because the AOAO is not a "foreclosing mortgagee" for purposes of section 667-60(a)(1), that statute is inapplicable here.

Nor is either section 667-22 or section 667-55, referred to in section 667-60(a)(1), implicated in this case. Sections 667-22 and 667-55 apply to foreclosing mortgagees, which are lenders listed in section 667-21.

## 3.    "Reasonable Payment Plan."

Au contends that the AOAO violated section 667-92(c) of

11

Hawaii Revised Statutes by failing to accept his reasonable payment plans.  Id., PageID # 195-96.

Pursuant to section 667-92(c), "[a] unit owner may submit a payment plan within thirty days after service of a notice of default and intention to foreclose on the unit owner." An association is not permitted to reject a reasonable payment plan.  Haw. Rev. Stat. § 667-92(c).  A "reasonable payment plan" is defined as a plan that provides for:

> (1) Timely payment of all assessments that become due after the date that the payment plan is proposed; and (2) Additional monthly payments of an amount sufficient to cure the default, within a reasonable period under the circumstances as determined by the board of directors in its discretion; provided that a period of up to twelve months shall be deemed reasonable; and provided further that the board of directors shall have the discretion to agree to a payment plan in excess of twelve months.

Id.

The three payment plans Au cites do not constitute "reasonable payment plans" under section 667-92(c).  The first, submitted to the AOAO on February 25, 2014, did not include attorneys' fees.  See ECF No. 12-9.  Section 667-92(c) specifies that a "reasonable payment plan" must provide for "payments of an amount sufficient to *cure the default*."  (Emphasis added).  The word "default" includes attorneys' fees and costs, as evidenced by language in the same section stating: "A unit owner may also cure the default within sixty days after service of a notice of

12

default and intention to foreclose on the unit owner by paying the association the full amount of the default, *including the foreclosing association's attorneys' fees and costs*[.]" <u>Id.</u> (emphasis added); <u>see also</u> <u>In re Collins</u>, No. 13-01783, 2014 WL 2575898, *3 (Bankr. D. Haw. June 9, 2014) ("[A] plan that requires an association to take less than the full amount owed is not a 'reasonable payment plan' within the meaning of the statute."). Thus, Au's February 25 payment plan was not a "reasonable payment plan," and the AOAO did not have to accept it.

This conclusion also applies to the payment plan Au submitted on March 21, 2014. The letter Au sent to the AOAO on that date appears to have simply attached Au's February 25 proposal. <u>See</u> ECF No. 12-10. Au's March 21 proposal therefore fails just as his February 25 proposal did.

Nor was the AOAO required to accept Au's third payment plan proposal. Au submitted his third proposal to the AOAO on June 9, 2014, far past the thirty-day period within which a unit owner may submit a payment plan under section 667-92(c). Au had until April 6, 2014, to submit a payment plan to the AOAO pursuant to that section. Any proposal after that date, even if "reasonable," did not have to be accepted.

In his reply memorandum in support of his motion for a temporary restraining order, Au complains that the AOAO, citing

Au's failure to account for the entire default, has rejected his third proposal.  ECF No. 23, PageID # 1124.  Au contends that he is "ready, willing and able" to pay the full $11,888.60 deficiency stated in the Notice of January 21, 2014, but that the AOAO now says that $11,888.60 is insufficient to cure the default.  Id.  As previously noted, Au missed the period within which to cure the default amount listed in the Notice and is now subject to a higher default given the accumulation of further amounts over time.  Au does not point to any requirement that he be permitted to cure his default by paying the amount stated in the Notice far past the Notice's cure period.

Because no violation of section 667-92(c) could have resulted from the AOAO's rejection of Au's three payment plans, Au fails to demonstrate a likelihood of success on the merits of such a claim.[2]

**4.  Section 667-94.**

Au appears to argue that he is entitled to injunctive relief because the AOAO violated section 667-94(a) of Hawaii

---

[2] While asking this court to issue a temporary restraining order, Au argues that this court lacks subject matter jurisdiction because of Defendants' alleged noncompliance with section 667-92 of Hawaii Revised Statues.  ECF No. 12-1, PageID # 196-97.  Au misapprehends how subject matter jurisdiction is determined.  A violation of section 667-92 does not strip a court of subject matter jurisdiction.  Because Au has asserted a claim arising under a federal statute, this court has jurisdiction pursuant to 28 U.S.C. § 1331.  Au's arguments regarding the AOAO's noncompliance with section 667-92 have no bearing on the exercise of jurisdiction.

Revised Statutes by failing to cancel the nonjudicial foreclosure despite having "no standing to proceed." ECF No. 12-1, PageID # 196. Section 667-94(a) states:

> If the default is cured as required by the notice of default and intention to foreclose, or if the parties have agreed on a payment plan, the association shall rescind the notice of default and intention to foreclose. Within fourteen days of the date of the cure or an agreement on a payment plan, the association shall so notify any person who was served with the notice of default and intention to foreclose. If the notice of default and intention to foreclose was recorded, a release of the notice of default and intention to foreclose shall be recorded.

Because Au failed to cure the default and the parties did not agree on a payment plan, the AOAO was not obligated to rescind the Notice under section 667-94(a), or to cancel the sale. Instead, the AOAO was permitted to proceed under section 667-94(b), which allows an association to foreclose on its lien at a public sale if the default is not cured or a payment plan is not agreed on. Contrary to Au's assertions, the AOAO may foreclose on its lien and did not commit a violation of chapter 667 that deprives it of a right to foreclose.

### 5. Constitutionality of Sections 667-92 and 667-17.

Au appears to challenge the constitutionality of sections 667-92 and 667-17 of Hawaii Revised Statutes. However, beyond making a passing reference to constitutional objections, Au only asserts that the "Court should require [Defendants] to

establish to the Court's satisfaction that the Statute HRS 667-17 is constitutional."  ECF No. 12-1, PageID # 204.

As the movant, Au bears the burden of demonstrating that a statute is unconstitutional.  Am. Promotional Events, Inc.-Nw. v. City & Cnty. of Honolulu, 796 F. Supp. 2d 1261, 1283 (D. Haw. 2011) ("[L]egislative enactments are presumptively constitutional, and the party challenging a statute has the burden of showing the alleged unconstitutionality beyond a reasonable doubt." (internal quotation marks omitted)).

In his motion for a temporary restraining order, Au fails to demonstrate that he is likely to meet his burden.  Au fails to present any support for his constitutional arguments. He does not even clearly suggest which constitutional provision is implicated.

When Au's motion for a temporary restraining order is examined in the context of his Complaint, it appears that Au may be asserting that the application of section 667-92 of Hawaii Revised Statutes violates his due process and equal protection rights, and that his property has been taken by Defendants without just compensation.  ECF No. 1-1, PageID # 6.  However, even assuming that this provides the context for Au's assertions in his motion for a temporary restraining order, Au fails to demonstrate a likelihood of success on the merits.  Au's motion for a temporary restraining order is lacking in any analysis

supporting his claims under the constitutional provisions cited in his Complaint.

At most, in his reply, Au complains that he is required to pay 100% of the default to the AOAO before receiving a "due process" hearing, but he offers no explanation as to what hearing he is referring to, or how such a situation violates his due process rights.  ECF No. 23, PageID # 1124.  Au also fails to explain how the various constitutional provisions he cites would be implicated by the nonjudicial foreclosure of his property.  See, e.g., Apao v. Bank of New York, 324 F.3d 1091, 1095 (9th Cir. 2003) ("While the bar for state action is low . . . non-judicial foreclosure procedures like Hawaii's nevertheless slip under it for want of direct state involvement.").  With such significant issues left unaddressed, Au has failed to demonstrate a likelihood of success on the merits of his constitutional claims.  See Williamson v. Basco, Civ. No. 06-00012 JMS/LEK, 2007 WL 4570496, *2 (D. Haw. Dec. 31, 2007) ("A party challenging the constitutionality of a statute bears a heavy burden of proof."); see also In re Collins, No. 13-01783, 2014 WL 2575898, at *4 (Bankr. D. Haw. June 9, 2014) ("The Hawaii nonjudicial foreclosure statute is constitutional.").

Tellingly, he has not complied with Rule 5.1 of the Federal Rules of Civil Procedure, which requires a party "drawing into question the constitutionality of a . . . state statute" to

serve the paper raising the question on the state attorney general.  Au either was unaware of the rule or did not view himself as actually raising a constitutional challenge.

### 6.   **Attorneys' Fees**.

In support of his request for injunctive relief, Au complains that: (1) the AOAO's attorneys' fees have not been explained or itemized beyond a mere statement of the amount of fees incurred; (2) McGuire has not established her hourly rate and demonstrated that it aligns with prevailing community rates; and (3) the AOAO has not demonstrated that the fees were reasonably necessary.  ECF No. 12-1, PageID # 194-95, 201-02.  Au fails, however, to cite any authority requiring the AOAO or McGuire to take the above actions.  The case law Au cites relates to an award of attorneys' fees by the court, not an AOAO's attorneys' fees in the context of a nonjudicial foreclosure.  Nor does Au offer anything suggesting an unreasonable hourly rate or an unwarranted expenditure of time.  He does not, for example, suggest what a reasonable amount would be.  It is Au's burden, both as Plaintiff and as the moving party, to support his claims and arguments.  He fails to demonstrate a likelihood of success on the merits of a claim based on the unreasonableness of the AOAO's attorneys' fees.

### 7. Retroactivity of Section 667-92.

In his reply, Au argues for the first time that Defendants have assessed attorneys' fees for Unit B incurred before section 667-92 of Hawaii Revised Statutes took effect, even though section 667-92 was "not made retroactive." ECF No. 23, PageID # 1123. Pursuant to Local Rule 7.4, any arguments in a reply that were not previously raised may be disregarded. Even if considered, this argument is without merit.

Inclusion of attorneys' fees incurred before section 667-92 was enacted is not a ground upon which to enjoin the public auction of Unit B. The AOAO initiated the nonjudicial foreclosure process against Au after section 667-92 took effect. Nothing in that section suggests that attorneys' fees incurred by an association prior to the section's enactment cannot be recovered if recovery of fees was provided for even before section 667-92 took effect. Just as delinquent monthly assessments incurred before section 667-92 were still owed after the statute took effect, so were attorneys' fees. Section 667-92 did not wipe out pre-existing debts. Instead, it added a nonjudicial foreclosure process to the already existing judicial foreclosure process as a means of collecting debts. Use of the nonjudicial process to collect a pre-existing debt does not implicate any prohibition on retroactive application of law.

**8.    Statute of Limitations and Waiver.**

In yet another argument raised for the first time in his reply, Au states: "There is also a material issue of fact whether there is a statute of limitations and or waiver as an issue where the delinquency commences from July 31, 2009." ECF No. 23, PageID # 1123. Au does not show that he is likely to succeed on the merits of such a claim.

Au does not provide any explanation for his statute of limitations and waiver arguments other than the statement quoted above. The court does not perceive any reason to conclude that there is a statute of limitations or waiver problem just because the default begins from July 31, 2009, and Au fails to cite any authority supporting his position.

**9.    Accounting.**

Referencing the Notices for Units A and B and the Declaration of Ralph Ahles, Au argues in his reply that the public action of Unit B must be enjoined because Hawaiiana's accounting "cannot be reconciled." ECF No. 23, PageID # 1121-22.

The accounting for Unit A is irrelevant to Au's motion seeking to enjoin the public auction of Unit B. Moreover, it is unclear exactly what Au finds objectionable about the accounting. Au's sole explanation may be found in a heading stating: "The summary provided by Mr. Ahles totally contradicts the notice of default and intention to foreclose filed by Defendant McGuire."

<u>Id.</u>, PageID # 1121.  If this is Au's objection to the accounting, Au again fails to recognize that the default amount changes over time, and that the Notice does not lock in a cure amount beyond the Notice's cure period.

**IV.       CONCLUSION.**

Because Au fails to establish a basis for expunging the Notices, and fails to demonstrate a likelihood of success on the merits of any claim, the court denies Au's motion to expunge and Au's motion for a temporary restraining order.  The denial of Au's motion for a temporary restraining order is without prejudice.  All requests for sanctions are denied.  The court denies without prejudice all requests for attorneys' fees and costs relating to these motions.  Among other things, those requests fail to comply with Local Rule 54.3.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 12, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

<u>Au v. The Association of Apartment Owners of the Royal Iolani, et al.</u>, Civ. No. 14-00271 SOM/BMK; ORDER DENYING MOTION TO EXPUNGE; ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER