IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD GIT SUM AU, | ) | CIVIL NO. 14-00271 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| vs. | ) | |
| | ) | |
| THE ASSOCIATION OF APARTMENT OWNERS OF THE ROYAL IOLANI, et al. | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

**I.     INTRODUCTION.**

Plaintiff Ronald Git Sum Au moves for reconsideration of this court's partial dismissal of his Complaint, and denial of his motion to expunge, motion to set aside nonjudicial power of sale, and motion for temporary restraining order. Au's motion for reconsideration is denied.

**II.    STANDARD.**

A motion for reconsideration may be granted under Rule 60(b) of the Federal Rules of Civil Procedure on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b) motions are committed to the discretion of the trial court. S.E.C. v. Lyndon, Civ. No. 13-00486 SOM-KSC, 2014 WL 4181464, at *1-2 (D. Haw. Aug. 20, 2014).

Under Local Rule 60.1, motions for reconsideration of interlocutory orders can be brought only upon the following grounds: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice. Wereb v. Maui Cnty., 830 F. Supp. 2d 1026, 1031 (D. Haw. 2011). "Mere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Id. (internal quotation marks omitted).

Au bases his motion for reconsideration on the discovery of new material facts not previously available and on the need to correct manifest error in law or fact. ECF No. 27, PageID # 1191.

2

**III. ANALYSIS.**

   **A. Au Fails to Show Reconsideration is Justified Based on the Discovery of New Evidence.**

To support reconsideration on the basis of new evidence, Au must show that evidence was newly discovered or unknown to him, and that he could not with reasonable diligence have previously discovered and produced such evidence. See Engelhard Indus., Inc. v. Research Instr. Corp., 324 F.2d 347, 352 (9th Cir. 1963). Au does not clearly identify any piece of evidence that was previously unknown to him. As a result, he fails to demonstrate that reconsideration is justified on this basis.

   **B. Au Fails to Show Clear or Manifest Error in Law Or Fact.**

      **1. Attorneys' Fees.**

Au makes a number of arguments regarding the attorneys' fees and costs incurred by Defendant Association of Apartment Owners of the Royal Iolani (the "AOAO"). None of his arguments proves a clear or manifest error in law or fact.

Au contends for the first time on this motion for reconsideration that the AOAO's "prior" attorneys' fees are not authorized under sections 514A-90 and 667-92 of Hawaii Revised Statutes. ECF No. 27-1, PageID # 1192. Au cannot raise a new argument in support of his motions on this motion for reconsideration. See Trading Bay Energy Corp. v. Union Oil Co.

3

of Cal., 225 F. App'x 428, 430 (9th Cir. 2006) ("[I]t is not appropriate for a party to raise a new argument on a motion for reconsideration."); Novato Fire Prot. Dist. v. United States, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999) ("A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration."); see also N.W. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988).

Even if this argument were considered, it would not support reconsideration here. Nothing in sections 514A-90 or 667-92 of Hawaii Revised Statutes suggests that an association may not collect "prior" attorneys' fees, and the various subsections Au quotes in his motion do not support his argument. Au spends considerable time, for example, asserting that prior attorneys' fees are barred because only "estimated" attorneys' fees and costs are statutorily permitted. ECF No. 27-1, PageID # 1194. Au's basis for this argument, however, is section 667-92(a)(5) of Hawaii Revised Statutes, which merely states that "the estimated amount of the association's attorney's fees and costs, and all other fees and costs related to the default estimated to be incurred by the association by the deadline date" must be included in a notice of default and intention to foreclose. Nowhere does section 667-92(a)(5) limit an association to recovery of estimated attorneys' fees, to the

4

exclusion of attorneys' fees actually incurred. Such a rule would be nonsensical.

Au also argues that the AOAO's assessment of prior attorneys' fees violates the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 27-1, PageID # 1197. Au did not rely on the FDCPA in his original motions, and, as noted above, cannot raise a new argument in his motion for reconsideration.

Even assuming Au's FDCPA argument could be considered, it would not entitle Au to the relief he seeks. Nowhere does Au demonstrate that the collection of attorneys' fees previously incurred by an association in connection with a default and nonjudicial foreclosure violates the FDCPA.

In his motion for reconsideration, Au also asserts that the AOAO's attorneys' fees have not been explained or itemized, as required by section 514A-90(c)(3) of Hawaii Revised Statutes.[1] ECF No. 27-1, PageID # 1195. Au does not appear to have previously relied upon section 514A-90(c)(3), and cannot raise a new argument in support of his motions at this stage of the proceedings.

Even assuming Au's prior complaints regarding itemization of the AOAO's attorneys' fees were based on section 514A-90(c)(3), that section does not require what Au says it

---

[1] Au incorrectly cites section 514A-90(c)(3) of Hawaii Revised Statutes as section 514-90(4)(c)(3). See ECF No. 27-1, PageID # 1195.

5

does. Section 514A-90(c)(3) merely states that "[a]n apartment owner who disputes the amount of an assessment may request a written statement clearly indicating . . . [t]he amount of attorneys' fees and costs, if any, included in the assessment[.]" Nowhere does section 514A-90(c)(3) require an explanation or itemization of the AOAO's attorneys' fees and costs in order for such fees and costs to be recoverable or for a nonjudicial foreclosure to proceed.

Au's remaining arguments regarding the AOAO's attorneys' fees are based on misconceptions as to the nature of the attorneys' fees at issue. As in his original motions, Au appears to confuse an association's attorneys' fees in the context of a nonjudicial foreclosure with an award of attorneys' fees by the court. Au argues, for example, that a declaration detailing how the AOAO's attorneys' fees were incurred should have been provided. ECF No. 27-1, PageID # 1196. While such a declaration may be required for a court to award attorneys' fees to a litigant, an association is not required to submit such a declaration to this court in order to proceed with a nonjudicial foreclosure.

Similarly, Au may not rely on this court's statement in its order of August 12, 2014, that all requests for attorneys' fees and costs are denied without prejudice. See ECF No. 26, PageID # 1184. That ruling was made with respect to attorneys'

6

fees requested in connection with Au's motions, not with respect to the AOAO's attorneys' fees incurred through Au's default and the nonjudicial foreclosure.

Au also questions how Defendant R. Laree McGuire incurred attorneys' fees when Keith K. Hiraoka is acting as McGuire's attorney. ECF No. 27-1, PageID # 1196. This is a new argument that Au has not previously raised, and may, therefore, be disregarded. However, even assuming that this argument were considered, it would not demonstrate clear or manifest error in law or fact because Au again misunderstands the nature of the attorneys' fees at issue. Keith K. Hiraoka is representing McGuire in this action that Au has brought against McGuire and others. Hiraoka is not representing the AOAO in its foreclosure proceedings against Au. McGuire has acted as the AOAO's attorney in the foreclosure proceedings, and the fees that Au complains about relate to that representation, not to Hiraoka's representation of McGuire in the present case.

    **2.    Rule 408 of the Hawaii Rules of Evidence**.

In his motion for reconsideration, Au complains about a letter from McGuire dated August 12, 2014, regarding Au's default, in which McGuire states: "The foregoing offer is submitted pursuant to Rule 408 of the Hawaii Rules of Evidence. As such, evidence thereof is not admissible in any proceeding save that relating to the enforcement of this Agreement, in the

7

event of its acceptance." ECF No. 27-10, PageID # 1250. Au contends that McGuire "unfairly and deceptively required Au to sign a Hawaii Rules of Evidence Rule 408 communication with full knowledge that Au's presentation before a court of law, to recover a refund will be obstructed by the Rule 408 communication." ECF No. 27-1, PageID # 1199. Au also contends that McGuire's use of Rule 408 "constitutes unfair or unconscionable means to collect or attempt to collect the disputed claim" in violation of section 443B-19 of Hawaii Revised Statutes.

Au's arguments regarding McGuire's statement about Rule 408 were not previously raised and may not be raised for the first time in his motion for reconsideration.

Even if the court considers these arguments, the court concludes that they are without merit. First, mention of Rule 408 in a letter from an association's attorney does not violate section 443B-19 of Hawaii Revised Statutes. That section is not relevant to the circumstances at issue.

Second, it is unclear how McGuire's statement that the AOAO's offer is submitted pursuant to Rule 408 in any way precludes Au from later recovering amounts he believes he does not owe. In relevant part, Rule 408 simply bars evidence of "(1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in

8

compromising or attempting to compromise a claim which was disputed as to either validity or amount" and evidence of "conduct or statements made in compromise negotiations or mediation proceedings" to "prove liability for or invalidity of the claim or its amount."  There is no basis in Rule 408 or any other source of law for this court to either enjoin or set aside a nonjudicial foreclosure because an attorney included a statement regarding Rule 408 in a letter concerning unpaid assessments.  Rule 408 is not relevant to the relief Au is seeking, and there is no connection between McGuire's letter and Au's ability to obtain a refund.

### 3. Section 514A-90(c) of Hawaii Revised Statutes.

Au argues that the court disregarded section 514A-90(c) of Hawaii Revised Statutes by placing the burden on him to establish that he does not owe unpaid assessments and attorneys' fees, and that the AOAO's attorneys' fees are unreasonable, and by requiring him to pay 100% of the delinquency.  ECF No. 27-1, PageID # 1200, 1203.

Section 514A-90(c) states, in relevant part: "Nothing in this section shall limit the rights of an owner to the protection of all fair debt collection procedures mandated under federal and state law."  Although Au relies on this language in section 514A-90(c), he does not explain how it is applicable to the circumstances at issue.

Au is the plaintiff in this lawsuit, and the motion relevant to this argument was brought by Au to prevent the nonjudicial foreclosure. In such a scenario, the burden is not on the AOAO to prove that Au owes past assessments and attorneys' fees. It is Au's burden to meet the standard necessary for the court to award him a temporary restraining order.

Further, nowhere did the court require Au to pay 100% of the delinquency. The court did not consider, and did not rule on, the amount of the delinquency that Au must pay.

Au fails to demonstrate that this court's order violated section 514A-90(c).

### 4. Constitutionality of Sections 667-92 and 514A-90(c).

Au appears to argue that sections 667-92 and 514A-90(c)[2] of Hawaii Revised Statutes violate due process, equal protection, and the takings clause of the Constitution by requiring that Au pay 100% of the alleged default. ECF No. 27-1, PageID # 1201.

Au did not previously challenge the constitutionality of section 514A-90(c). He cannot raise this argument for the first time on his motion for reconsideration.

Even if Au's challenge to section 514A-90 were to be

---

[2] Au erroneously cites section 514A-90(c) of Hawaii Revised Statutes as section 514-90(4)(c). See ECF No. 27-1, PageID # 1201.

10

considered alongside his challenge to section 667-92, Au would not be entitled to relief.  As this court noted in its prior order, Au bears the burden of demonstrating that a statute is unconstitutional.  Am. Promotional Events, Inc.-Nw. v. City & Cnty. of Honolulu, 796 F. Supp. 2d 1261, 1283 (D. Haw. 2011) ("[L]egislative enactments are presumptively constitutional, and the party challenging a statute has the burden of showing the alleged unconstitutionality beyond a reasonable doubt." (internal quotation marks omitted)).  Au has failed to meet this burden, and does not demonstrate any clear or manifest error in law or fact compelling this court to reverse its prior decision.

Au does not offer any constitutional analysis supporting his allegations, and nowhere explains why the obligation to pay 100% of the default to the AOAO violates due process, equal protection, or the takings clause.  At most, Au may be repeating the argument in his motion for a temporary restraining order that his constitutional rights were violated by the requirement that he pay 100% of the default before receiving a due process hearing.  ECF No. 21-1, PageID # 1205.  Once again, however, Au offers no explanation as to what hearing he is referring to, and no constitutional analysis demonstrating a violation.  Au himself notes that Defendants are private entities, and fails to explain, as this court noted in its prior order, how the various constitutional provisions he cites would

11

be implicated by the nonjudicial foreclosure of his property. See, e.g., Apao v. Bank of N.Y., 324 F.3d 1091, 1095 (9th Cir. 2003) ("While the bar for state action is low . . . non-judicial foreclosure procedures like Hawaii's nevertheless slip under it for want of direct state involvement."). Under such circumstances, Au's constitutional arguments do not demonstrate that reconsideration should be granted.

> **5. Chapter 443 of Hawaii Revised Statutes and 15 U.S.C. § 1692g.**

Au appears to argue for the first time on this motion for reconsideration that McGuire violated chapter 443 of Hawaii Revised Statutes and 15 U.S.C. § 1692g. ECF No. 27-1, PageID # 1202. Not having been previously raised, these arguments may be disregarded by this court.

Even if the court considers these arguments, they are not sustainable. Chapter 443 of Hawaii Revised Statutes has been repealed. If Au is instead relying on chapter 443B, section 443B-1 explicitly states that "'collection agency' does not include licensed attorneys at law acting within the scope of their profession[.]" Therefore, McGuire's actions in representing the AOAO would not be considered those of a "collection agency" pursuant to chapter 443B.

Au's 15 U.S.C. § 1692g argument does not fare any better. Au does not clearly and specifically describe the conduct that he believes violates 15 U.S.C. § 1692g. Instead, he

12

merely describes, in general terms, what 15 U.S.C. § 1692g provides. Perhaps Au is arguing that McGuire's failure to itemize "prior" attorneys' fees violates 15 U.S.C. § 1692g. See ECF No. 27-1, PageID # 1203. There does not appear, however, to be any requirement in 15 U.S.C. § 1692g that attorneys' fees be itemized.

### 6. Expunging the Notice of Default and Intention to Foreclose.

In his motion for reconsideration, Au argues that this court should have expunged the Notice of Default and Intention to Foreclose (the "Notice") filed on January 21, 2014, because it erroneously stated the date by which Au had to cure his default. ECF No. 27-1, PageID # 1206.

Au fails to show any clear or manifest error in law or fact in this court's prior decision not to expunge the Notice. Au does not explain why he believes this court's decision was based on a clear or manifest error, instead repeating his argument that the Notice must be expunged because the cure date was incorrect. Merely regurgitating an argument does not demonstrate that reconsideration is warranted. Kowalski v. Anova Food, LLC, 958 F. Supp. 2d 1147, 1154 (D. Haw. 2013).

Further, as noted in this court's prior decision, Au has failed to demonstrate that the Notice should be expunged. Even assuming that the Notice misstated the date by which Au needed to cure his default, Au was actually provided with the

13

sixty-day cure period he claims he was owed. Additionally, the existence of an incorrect cure date in the Notice does not affect whether the Notice was improperly recorded and must be expunged.

### 7. Standard for Estimated Attorneys' Fees.

Au contends that section 667-92(a)(4) and (5) may not be enforced against him because they lack any standard as to how estimated attorneys' fees are determined. ECF No. 27-1, PageID # 1207. Because this argument was raised for the first time in Au's motion for reconsideration, it may be disregarded.

Even assuming the court were to consider it, Au's argument that sections 667-92(a)(4) and (5) may not be enforced against him is without merit. Section 667-92(a) merely provides a list of what a notice of default and intention to foreclose must contain. It is not a statute that can be "enforced against" Au. Additionally, Au fails to produce any authority suggesting that a standard for estimating attorneys' fees under section 667-92(a)(5) is required.

### 8. Partial Dismissal of Complaint.

Au argues that he is entitled to reconsideration of this court's dismissal of Count IV of his Complaint to the extent it asserts a claim against McGuire for violation of chapter 480D of Hawaii Revised Statutes. ECF No. 27-1, PageID # 1203-04. Au fails, however, to show any clear or manifest error in this court's dismissal.

Au contends that this court's prior decision was in error because McGuire did not provide a declaration or affidavit stating that she was not seeking to collect a debt owed to herself. Id., PageID # 1204. Contrary to Au's assertions, no such declaration or affidavit was necessary. McGuire was acting as counsel for the AOAO and seeking to collect a debt owed to the AOAO. There is no allegation in Au's Complaint that the debt was owed to McGuire herself or that McGuire made any such assertion.

Au also argues that McGuire "has never billed, or invoiced the [AOAO]" for her fees. Id. This allegation has been made for the first time in Au's motion for reconsideration, and even if previously raised, would not defeat the motion to dismiss. Whether McGuire billed or invoiced the AOAO for her fees is irrelevant to whether Au states a plausible claim for relief against McGuire under chapter 480D of Hawaii Revised Statutes.

As this court noted in its order granting McGuire's motion to dismiss, McGuire's actions could not have violated section 480D-3. McGuire was not acting as a "debt collector" under chapter 480D, as she was not collecting a debt owed, or asserted to be owed, to herself. See Haw. Rev. Stat. § 480D-2. Instead, McGuire was seeking to collect a debt owed to the AOAO, and any suggestion to the contrary is implausible and contradicted by exhibits attached to Au's Complaint. See ECF No.

15

1-1, PageID # 30, 41. Au's statement that McGuire is "personally responsible as an agent of Defendant Association and the Defendant Management Company" is irrelevant and does not alter the above conclusion. ECF No. 27-1, PageID # 1206.

Au also contends that this court should have provided him with leave to amend his Complaint. Id., PageID # 1204. When a motion to dismiss is granted, "[l]eave to amend may be denied if a court determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 742 (9th Cir. 2008) (internal quotation marks and citation omitted). The allegation of additional facts consistent with the Complaint in this matter could not possibly establish a plausible chapter 480D claim against McGuire. As a result, the court properly dismissed the claim with prejudice.

**IV.    CONCLUSION.**

For the foregoing reasons, Au's motion for reconsideration is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 9, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Au v. The Association of Apartment Owners of the Royal Iolani, et al., Civ. No. 14-00271 SOM/BMK; ORDER DENYING MOTION FOR RECONSIDERATION