```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII
```

| | | |
|---|---|---|
| RONALD GIT SUM AU, | ) | CIVIL NO. 14-00271 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT R. |
| | ) | LAREE MCGUIRE'S MOTION FOR |
| vs. | ) | SUMMARY JUDGMENT |
| | ) | |
| THE ASSOCIATION OF APARTMENT | ) | |
| OWNERS OF THE ROYAL IOLANI, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT R. LAREE MCGUIRE'S
MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION.**

Defendant R. Laree McGuire moves for summary judgment as to all remaining claims asserted against her by Plaintiff Ronald Git Sum Au. McGuire's motion for summary judgment is granted.

**II.     FACTUAL BACKGROUND.**

On January 16, 2014, and January 21, 2014, Defendant Association of Apartment Owners of the Royal Iolani (the "AOAO"), through its attorney, Defendant R. Laree McGuire, filed Notices of Default and Intention to Foreclose (the "Notices") with the Land Court for "Unit A" and "Unit B," respectively, owned by Au in the Royal Iolani condominium project ("Royal Iolani") in Honolulu. ECF No. 1-1, PageID # 4, 15. The Notices were triggered by Au's failure to pay amounts owed to the AOAO. Id., PageID # 15. The Notice filed on January 16, 2014, stated that

the default for Unit A had to be cured by March 17, 2014.  ECF No. 10-5, PageID # 168.  The Notice filed on January 21, 2014, stated that the default for Unit B had to be cured by March 22, 2014.  ECF No. 10-4, PageID # 162.

On February 25, 2014, Au submitted a payment plan to McGuire and the AOAO's president.  ECF No. 12-9.  The February 25 payment plan proposed payment of all amounts owed to the AOAO for Unit A and Unit B except attorneys' fees, which Au sought to mediate.  Id.  On March 21, 2014, Au sent a letter to the AOAO's new president, again enclosing his February 25 proposal.  ECF No. 12-10.

On March 24, 2014, McGuire, on behalf of the AOAO, declined Au's February 25 proposal because it failed to include payment of attorneys' fees and costs.  ECF No. 17-3.

On April 25, 2014, Au filed a Complaint in state court against the AOAO, Hawaiiana Management Company, Ltd. ("Hawaiiana"), which was the AOAO's management agent, and McGuire (collectively, "Defendants").  Au asserted claims for: (1) intentional or negligent conduct (Count I); (2) intentional or negligent misrepresentation (Count II); (3) fraud and concealment (Count III); (4) violation of chapter 480D of Hawaii Revised Statutes and 15 U.S.C. § 1692 (Count IV); and (5) violation of chapter 480 of Hawaii Revised Statutes (Count V).  ECF No. 1-1.  The action was removed to federal court pursuant to 28 U.S.C.

§ 1441 on June 10, 2014.  ECF No. 1.

On June 9, 2014, Au submitted another payment plan to the AOAO purporting to account for all amounts owed for Unit B. ECF No. 12-11.

On August 7, 2014, this court dismissed Count IV of Au's Complaint to the extent it asserted a claim against McGuire for violation of chapter 480D of Hawaii Revised Statutes.  See ECF No. 25.

On August 12, 2014, this court denied Au's motion to expunge the Notices, motion to set aside nonjudicial power of sale, and motion for a temporary restraining order.  See ECF No. 26.  The court noted that Au had failed to establish a basis for expunging the Notices and had failed to demonstrate a likelihood of success on the merits of any claim.  Id., PageID # 1184.

On September 9, 2014, this court denied Au's motion for reconsideration of the dismissal of part of Count IV, and the denial of his motion to expunge, motion to set aside nonjudicial power of sale, and motion for temporary restraining order.  See ECF No. 35.

McGuire now seeks summary judgment as to all remaining claims against her.  ECF No. 37, PageID # 1306.

### III.     STANDARD.

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact

3

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The movant must support his or her position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to

identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party must set forth specific facts showing that there is a genuine issue for trial. T.W. Elec. Serv., Inc., 809 F.2d at 630. At least some "'significant probative evidence tending to support the complaint'" must be produced. Id. (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)); see also Addisu, 198 F.3d at 1134 ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (citing Matsushita Elec. Indus. Co., 475 U.S. at 587); accord Addisu, 198 F.3d at 1134 ("There must be enough

5

doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

All evidence and inferences must be construed in the light most favorable to the nonmoving party.  T.W. Elec. Serv., Inc., 809 F.2d at 631.  Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party.  Id.  When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  Id.

**IV.     ANALYSIS.**

   **A.    An Attorney Ordinarily Owes No Duty to a Nonparty Third Party.**

Au seeks to hold McGuire liable for conduct undertaken in McGuire's capacity as the AOAO's attorney.  However, an attorney is not ordinarily liable to a third party for conduct undertaken through representation of a client unless the attorney's conduct itself involves wrongdoing outside the scope of legitimate representation.  Thus, for example, an attorney's fraud or independent statutory violation committed in the course of representing a client might give rise to a claim by a third party against the attorney, but the attorney could not be liable to the third party simply for having intentionally foreclosed on

the third party's property.  Underlying this principle is the usual absence of any duty flowing from the attorney to a nonclient, except in circumstances narrowly defined by law.  See Johnson v. Ass'n of Apartment Owners of Ke Aina Kai Townhomes, Civ. No. 06-00106 HG-KSC, 2006 WL 7136685, at *7 (D. Haw. Aug. 25, 2006).  Absent exceptional circumstances, the third party's remedy must be sought from the attorney's client, not the attorney in his or her individual capacity.  Otherwise, attorneys could routinely be sued just for representing clients.

Because McGuire owed no duty to Au with respect to conduct undertaken in her capacity as the AOAO's attorney, McGuire is entitled to summary judgment on all of Au's claims premised on the existence of such a duty.  Only Au's fraud claim and his claims under chapter 480 of Hawaii Revised Statutes and the Fair Debt Collection Practices Act ("FDCPA") might conceivably escape this general bar.

However, whether protected by the general bar or not, McGuire is entitled to summary judgment on all claims remaining against her for the reasons set forth later in this order.  The claims barred by McGuire's status as the AOAO's attorney are based on conduct addressed in the remainder of this court's order, and the reasoning there applies equally to the fraud and statutory claims.  Thus, even if McGuire's status as the AOAO's attorney provides no protection from claims based on acts she

7

took while representing the AOAO, McGuire, as discussed in the following sections, is entitled to summary judgment on all remaining claims against her, no matter the nature of those claims.

> **B. McGuire is Entitled to Summary Judgment On Claims That Are Based On Au's Objections to Her Attorneys' Fees and Costs.**

In Counts I, II, III, and V of his Complaint, Au objects to McGuire's attorneys' fees and costs on the grounds that they are: (1) excessive and unreasonable; (2) not itemized; and (3) incurred and paid by the AOAO without his consent.

Although Au asserts that McGuire's fees are excessive and unreasonable, he offers no evidence suggesting that McGuire's fees reflect an unreasonable hourly rate or unwarranted expenditure of time. Nor is there any evidence that McGuire has misstated or misrepresented her fees.

Au argues that McGuire has requested payment of "prior" attorneys' fees in violation of chapters 514A and 514B, and of section 667-92, of Hawaii Revised Statutes. ECF No. 46, PageID # 1654. However, as this court has previously noted, nothing in those portions of Hawaii Revised Statutes suggests that an association may not collect prior attorneys' fees. Au appears to be asserting that attorneys' fees incurred in the past are not recoverable from him because only "estimated" attorneys' fees and costs are statutorily permitted. Id. As the court understands

8

it, Au's argument is that estimated amounts must be future amounts, presumably because amounts incurred in the past are determinable and not the subject of estimation. Au bases this argument on section 667-92(a)(5) of Hawaii Revised Statutes, which merely states that "the estimated amount of the association's attorney's fees and costs, and all other fees and costs related to the default estimated to be incurred by the association by the deadline date" must be included in a Notice of Default and Intention to Foreclose. Nowhere does section 667-92(a)(5) limit an association to recovery of future attorneys' fees.

An estimate may well involve fees and costs already incurred but not yet invoiced so not yet precise in amount. One may, for instance, not have on hand a photocopier's bill or not have input an attorney's time for the immediately previous day into the computer. Alternatively, an estimate may be a combination of past and future fees and costs. Such a total would not be presently determinable. Even if the AOAO sought only prior fees and costs, instead of a combination of prior and future fees and costs, Au could hardly complain, as any such limitation would benefit Au. The provisions Au cites simply do not bar the AOAO from recovering attorneys' fees actually incurred, including those fees previously incurred but as yet unpaid by Au.

Au also complains that McGuire has not itemized or otherwise explained her fees. ECF No. 1-1, PageID # 6; ECF No. 46, PageID # 1650. Au fails, however, to show the existence of any requirement that an association's attorney explain or itemize his or her fees and costs before those fees and costs can be recovered from Au or before a nonjudicial foreclosure may proceed. After all, those fees and costs were payable by the AOAO or its agent to McGuire because of Au's default, not because Au retained McGuire. And, of course, Au has had ample time to conduct discovery to obtain such an itemization.

In support of his fraud and chapter 480 claims, Au alleges that McGuire has obtained attorneys' fees and costs from Defendant Hawaiiana without "authority, consent, or notification to Plaintiff Au." ECF No. 1-1, PageID # 14, 18. As with his other arguments relating to McGuire's fees, Au fails to cite any requirement that a homeowner consent to the legal fees incurred by the AOAO or its agent in collecting amounts owed by that homeowner, or that the defaulting homeowner be given notice that the AOAO is paying or has paid legal fees. The legal fees to which Au objects result from a relationship between the AOAO and McGuire, and no fraud or unfair or deceptive act or practice results from Au's inability to oversee that fee arrangement. Further, Au consented, through the Bylaws of the Royal Iolani, to pay attorneys' fees incurred by the AOAO in collecting any

delinquent assessments.  See ECF No. 15-13, PageID # 478

McGuire is entitled to summary judgment on all claims based on Au's objections to McGuire's attorneys' fees and costs. Au fails to demonstrate that there is a genuine issue of material fact with respect to any of those claims.

**C. McGuire is Entitled to Summary Judgment On All Claims Relating to the Notices of Default and Intention to Foreclose.**

In Counts I and V of his Complaint, Au argues that the Notices of Default and Intention to Foreclose misstated the dates by which Au had to cure the defaults on his Royal Iolani units, thereby giving him less than the sixty days to cure provided to him by statute and resulting in the recordation of erroneous information about his properties.  ECF No. 1-1, PageID # 8, 17-18; ECF No. 46, PageID # 1651.

As this court has previously noted, Au was actually provided with the sixty days he claims he was owed under section 667-92 of Hawaii Revised Statutes.  Au was served with the Notices on March 7, 2014, and the AOAO gave him until May 7, 2014, to cure the defaults.  ECF No. 15, PageID # 299.  Thus, any misstated deadlines caused no injury to Au, and he points to no right to relief of any kind in the absence of an injury.

Au also contends that McGuire, by recording the Notices and by refusing to correct them after recordation, intentionally or negligently recorded erroneous information about his

properties, resulting in slander of his title. ECF No. 1-1, PageID # 17-18. Nothing in the statutory foreclosure provisions suggests that the legislature intended to give a homeowner a cognizable claim based on the recordation of, or the failure to correct, a Notice of Default and Intention to Foreclose with an incorrect cure date when the homeowner, having actually had the benefit of the required cure period, suffered no injury from the error. While the recorded Notices burden Au's property, the burden results from the AOAO's intention to foreclose, not from any incorrect cure date. McGuire recorded the Notices pursuant to section 667-93, and the present record, reflecting no injury to Au flowing from the incorrect cure dates, does not support any statutory or common-law claim based on those dates.

### D. McGuire is Entitled to Summary Judgment On All Claims Relating to Alleged Misrepresentation of the Amount Au Owes to the AOAO.

In Count I (intentional and negligent conduct) and Count V (chapter 480) of his Complaint, Au alleges that the amount he owes to the AOAO has been misrepresented. ECF No. 1-1, PageID # 6, 17. According to Au, the alleged misrepresentation arises out of a failure to properly credit his account for payments made. ECF No. 1-1, PageID # 17. Au fails, however, to provide any evidence that McGuire failed to account for payments.

To survive summary judgment, Au may not simply rely on his bare assertion of accounting failures. See T.W. Elec. Serv.,

12

Inc., 809 F.2d at 630 ("[T]he nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment. . . . [T]he nonmoving party may not merely state that it will discredit the moving party's evidence at trial and proceed in the hope that something can be developed at trial in the way of evidence to support its claim. Instead, it must produce at least some 'significant probative evidence tending to support the complaint.'" (citation omitted)).

Au's only attempt to support his allegation that the amount he owes to the AOAO has been misrepresented is his notation of perceived inconsistencies in the delinquency amounts quoted by McGuire and others. ECF No. 46, PageID # 1652-54. However, Au's discussion of changes in the delinquency amount is not demonstrative of negligence, fraud, a violation of chapter 480 of Hawaii Revised Statues, or other wrongdoing. The inconsistent amounts Au points to were communicated on different dates. As this court has noted in earlier rulings, the amount Au owes to the AOAO may permissibly change over time, through, for example, the accrual of maintenance fees, penalties, and attorneys' fees. Contrary to Au's assertions, a Notice of Default and Intention to Foreclose does not lock in a cure amount beyond the Notice's cure period. Thus, changes in the delinquency amount over time do not, without more, demonstrate wrongdoing and, given the absence of evidence supporting Au's

13

misrepresentation claim, do not support Au's claims.

### E. McGuire is Entitled to Summary Judgment On All Claims Based On the Refusal of Reasonable Payment Plans.

In support of Counts I and V of his Complaint, Au argues that McGuire improperly rejected his reasonable payment plans under section 667-92 of Hawaii Revised Statutes. ECF No. 1-1, PageID # 6, 18-19. However, as this court has already explained in its order of August 12, 2014, the payment plans Au submitted were not "reasonable payment plans" under section 667-92(c).

The first payment plan Au submitted to the AOAO on February 25, 2014, did not include attorneys' fees. See ECF No. 12-9. Section 667-92(c) specifies that a "reasonable payment plan" must provide for "payments of an amount sufficient to cure the default." (Emphasis added). The word "default" includes attorneys' fees and costs, as evidenced by language in the same section stating: "A unit owner may also cure the default within sixty days after service of a notice of default and intention to foreclose on the unit owner by paying the association the full amount of the default, including the foreclosing association's attorneys' fees and costs[.]" Id. (emphasis added); see also In re Collins, No. 13-01783, 2014 WL 2575898, *3 (Bankr. D. Haw. June 9, 2014) ("[A] plan that requires an association to take less than the full amount owed is not a 'reasonable payment plan'

within the meaning of the statute."). Thus, Au's February 25 payment plan was not a "reasonable payment plan," and the AOAO did not have to accept it.

This conclusion also applies to the payment plan Au submitted on March 21, 2014. The letter Au sent to the AOAO on that date appears to have simply attached Au's February 25 proposal. See ECF No. 12-10. Au's March 21 proposal, therefore, fails just as his February 25 proposal did.

Nor was the AOAO required to accept Au's third payment plan proposal. Au submitted his third proposal to the AOAO on June 9, 2014, far past the thirty-day period within which a unit owner may submit a payment plan under section 667-92(c). Au had until April 6, 2014, to submit a payment plan to the AOAO pursuant to that section. Any proposal after that date, even if "reasonable," did not have to be accepted.

Au fails to raise any genuine issue of material fact as to his proposed payment plans, and no violation can arise from McGuire's rejection of those plans on behalf of the AOAO.

**F. McGuire is Entitled to Summary Judgment on Au's FDCPA Claim, Which is Based On An Alleged Failure to Verify the Debt.**

In his Complaint, Au alleges that McGuire violated 15 U.S.C. § 1692g by failing to verify Au's debt upon his request. ECF No. 1-1, PageID # 16.

Under 15 U.S.C. § 1692g(b), "[i]f the consumer notifies

the debt collector in writing . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." Verification of the debt "involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1173-74 (9th Cir. 2006).

Au fails to produce any evidence supporting his assertion that McGuire failed to verify the debt Au owes to the AOAO. Throughout the course of collection efforts, the parties have engaged in substantial written correspondence, and Au does not cite to any specific instance during this correspondence in which he requested verification of the debt and was not provided with written confirmation that the amount demanded was what he owed to the AOAO. Au may not simply rely on the bare allegations in his Complaint to overcome summary judgment. See T.W. Elec. Serv., Inc., 809 F.2d at 630 ("[T]he nonmoving party may not rely on the mere allegations in the pleadings in order to preclude

16

summary judgment. . . . [I]t must produce at least some 'significant probative evidence tending to support the complaint.'" (citation omitted)).  Therefore, McGuire is entitled to summary judgment on Au's claim that McGuire violated the FDCPA by allegedly failing to verify the debt.

**V.      CONCLUSION.**

McGuire's motion for summary judgment is granted.  This disposes of all claims against McGuire in this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 9, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Au v. The Association of Apartment Owners of the Royal Iolani, et al., Civ. No. 14-00271 SOM/BMK; ORDER GRANTING DEFENDANT R. LAREE MCGUIRE'S MOTION FOR SUMMARY JUDGMENT